UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE
NO. 3:20-CV-764-BJB

*Electronically Filed*

CHELSEY NAPPER, *et al.*                                               PLAINTIFFS

v.

BRETT HANKISON, *et al.*                                           DEFENDANTS

---

### DEFENDANT SGT. MATTINGLY AND DET. COSGROVE'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STAY CONSIDERATION OF DISPOSITIVE MOTIONS

---

Sergeant Jonathan Mattingly and Detective Myles Cosgrove (collectively "Defendants") hereby oppose Plaintiffs' motion to stay the Court's consideration of pending dispositive motions. In February 2021, this Court stayed proceedings against Hankison due to his pending criminal prosecution in Jefferson Circuit Court. (Doc. 50.)  The Court's Order is clear – the stay was not put in place for all parties, but that has been the position taken by both Plaintiffs and Defendants as no discovery has been taken over the past year.[1]  By failing to request any discovery, Plaintiffs have essentially conceded that the burdens of discovery are not necessary at this juncture. Interestingly, Plaintiffs do not address discovery in their request to maintain a stay, but instead they simply ask the Court to withhold ruling on pending motions.  Plaintiffs' motion is procedurally improper, and nothing more than a clear attempt to bootstrap extrinsic materials into the record.  For the reasons discussed below, the Court should deny Plaintiffs' motion and rule on the fully briefed dispositive motions.

---

[1] If Plaintiffs attempt to conduct discovery prior to the Court issuing a ruling, Defendants will move for a stay of discovery pending a ruling on the motions to dismiss by filing the appropriate motion.

Background

As the Court has noted previously, the Complaint at issue is the Second Amended Complaint. (Doc 8.) All of the defendants have filed motions to dismiss in this matter, and in fact the Court has granted judgment in favor of Defendant Jaynes. (*See* Doc. 67.) Defendants Sgt. Mattingly and Det. Cosgrove filed a Reply in support of their joint motion to dismiss on January 6, 2021. (Doc. 46.) The Court heard oral argument on all ripe motions on September 3, 2021. (Doc. 90.) Plaintiffs are now seeking to amend their responses to those dispositive motions to dismiss filed by the ten remaining defendants and pending before the Court for over a year.

Argument

Plaintiffs asks the Court to pause any rulings on the pending motions to dismiss so they can supplement their responses to defensive motions with new evidence from a criminal prosecution. This request should be denied for two reasons. First, the parties cannot ask the Court to withhold ruling on fully briefed dispositive motions. Second, it is procedurally improper for Plaintiffs to supplement their responses to motions to dismiss with evidence outside of the pleadings.

First and foremost, Plaintiffs cite no authority to support their request that the Court delay ruling on pending dispositive motions in anticipation of Plaintiffs filing a motion for leave to supplement their responses. There is, however, authority to support a stay in discovery pending the Court's ruling on dispositive motions. *See, e.g.*, *Osborn v. Griffin*, No. 11-89-WOB-CJS, 2011 U.S. Dist. LEXIS 163200, at *21 (E.D. Ky. Dec. 9, 2011) ("While the mere fact that a party has filed a motion to dismiss is insufficient on its own to support a stay of discovery, limitations on discovery are particularly appropriate when the claims at issue may be dismissed based on legal or procedural determinations for which discovery is not necessary."); *Falzone v. Licastro*, No.

1:10-CV-2918, 2011 U.S. Dist. LEXIS 84510, at *2 (N.D. Ohio Aug. 2, 2011) (stay of discovery appropriate where pending motion presents preliminary legal issues to be resolved by looking solely to the complaint).[2] Sgt. Mattingly and Det. Cosgrove will not oppose a stay of discovery if the Court determines it is justified here, but Plaintiffs cannot tell the Court when to rule on ripe motions. A stay of discovery protects all eleven defendants from having to expend valuable time and resources in responding to discovery while motions to dismiss are pending. In addition, it is clear the Plaintiffs will suffer no prejudice by the short delay because they have elected not to proceed with discovery while the motions have been pending this past year.

Second, under Federal Rule of Civil Procedure 12, the general rule is that a court should not consider evidence that is extrinsic to the complaint. In fact, under Fed. R. Civ. P. 12(d), when extrinsic evidence is presented to and not excluded by the court, the motion must be treated as a summary judgment motion under Rule 56. *See Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir. 2001) ("The district court, in reviewing a motion to dismiss, may not consider matters beyond the complaint.") (citing 2 Moore's Federal Practice ¶ 12.34[2] (3d ed.) ("In deciding whether to dismiss, the court may consider only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the judge may take judicial notice.")). The only exception to that rule is that courts are allowed to consider documents attached to the complaint or defendant's motion to dismiss or public records "so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008). As the initiator of this lawsuit, Plaintiffs are the master of their

---

[2] Furthermore, the Sixth Circuit has consistently upheld district courts' decisions to stay discovery pending the outcome of a preliminary decision which may dispose of a matter. *See, e.g.*, *Bangas v. Potter*, 145 Fed. Appx. 139, 141, (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) ("District courts have broad discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered.")); *Moses v. Prison Health Servs.*, 2011 U.S. App. LEXIS 26712, *7 (6th Cir. December 16, 2011) ("[T]he district court did not err when it granted [defendant's] motion to stay discovery…").

own Complaint. If they wish to incorporate certain documents or public records, they should file a motion for leave to amend their Complaint (for the fourth time) under Rule 15 and properly place those items in the record of this case or wait until the documents are produced in discovery.

Moreover, Plaintiffs argue that certain defendants in this case testified under oath in Hankison's criminal case, but neither Sgt. Mattingly nor Det. Cosgrove testified in those proceedings.[3] Therefore, clearly neither Defendant provided new testimony that must be reviewed and certainly no testimony that will have any material impact on their pending motion to dismiss. Thus, the Court's ruling on Sgt. Mattingly and Det. Cosgrove's pending motion should not be delayed while Plaintiffs wait for a copy of the criminal trial record.

## Conclusion

Plaintiffs request to maintain a stay that is not currently in place must be denied. They fail to present a justification for how extrinsic evidence outside of this case could be successfully presented at the motion to dismiss stage. Instead, the Court should rule on the pending motions based on the Rule 12 standard. If Plaintiffs' claims survive, Plaintiffs can obtain new evidence through the usual course of discovery and present evidence to the Court through summary judgment motions. However, there are currently pending dispositive motions before the Court and any further delay would be prejudicial to Defendants. It has been almost two years since Plaintiffs filed their original Complaint in state court and Plaintiffs have had numerous opportunities to amend their allegations. Accordingly, Defendants ask that the Court deny Plaintiffs' motion to stay the Court's ruling on dispositive motions and consider those motions in due course.

---

[3] Det. Cosgrove's deposition testimony from a different Jefferson Circuit Court case, *Kenneth Walker, III v. Commonwealth of Kentucky, et al.*, Case No. 20-CI-5086, was read into the record during the criminal trial.

Respectfully submitted,

*/s/ William H. Brammell, Jr.*
Kent Wicker
William H. Brammell, Jr.
Kayla M. Campbell
DRESSMAN BENZINGER LAVELLE PSC
321 West Main Street, Suite 2100
Louisville, KY  40202
Phone: (502) 572-2500
Fax: (502) 572-2503
kwicker@dbllaw.com
bbrammell@dbllaw.com
kcampbell@dbllaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

*/s/ William H. Brammell, Jr.*
William H. Brammell, Jr.