UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:20-CV-00764-BJB

CHELSEY NAPPER, et al. PLAINTIFFS
VS.
DETECTIVE BRETT HANKINSON, et al. DEFENDANT

### NOTICE OF KRS 376.460 ATTORNEY LIEN

*** *** ***

### LEGAL STATUTE

KRS 376.460 states: Each attorney shall have a lien upon all claims, except those of the state, put into his hands for suit or collection or upon which suit has been instituted, for the amount of any fee agreed upon by the parties or, in the absence of such agreement, for a reasonable fee. If the action is prosecuted to a recovery of money or property, the attorney shall have a lien upon the judgment recovered, legal costs excepted, for his fee. If the records show the name of the attorney, the defendant shall be deemed to have notice of the lien. If the parties in good faith and before judgment compromise or settle their controversy without the payment of money or other thing of value, the attorney for the plaintiff shall have no claim against the defendant for any part of his fee.

### ARGUMENT

I initially represented Chelsey Napper, Cody Etherton and Chelsey Napper's juvenile son in a civil matter against the Louisville Metro Police Department and Brett Hankinson from March 2020 until October 2020. I filed the civil lawsuit on their behalf in Jefferson County Circuit Court in April 2020. During the course of the litigation, I negotiated and achieved a settlement offer for the three Plaintiffs in the amount of $300,000 from Peter Ervin in October 2020, who represented the Jefferson County Attorney's Office at the time.

I communicated the $300,000 offer to the Plaintiffs. They declined the $300,000 offer from the Jefferson County Attorney's office. Shortly after, I received an e-mail from Attorney

Jeff Sexton indicating that he represented the Plaintiffs, Chelsey Napper, Cody Etherton, and Chelsey Napper's juvenile son. I received an e-mail from Cody Etherton thanking me for the job I did for him. I was not released from representing these Plaintiffs for cause. The Plaintiffs did not state a cause for retaining another attorney. Under the statute I am entitled to be compensated for the work I performed on the case.

I understand the Attorney Jeff Sexton and the Plaintiffs have settled for $150,000 to resolve their case. The $150,000 settlement amount is half the amount of $300,000 that I negotiated in October 2020, which the Plaintiffs did not accept after I presented it to them. Attorney Jeff Sexton is in no position to dispute my attorney's lien. Over the course of five years, he negotiated a settlement ($150,000) on behalf of the Plaintiffs for substantially less than the settlement amount ($300,000) I negotiated in 2020. Plaintiffs have not claimed they dismissed me from representing them for cause, in the nearly five years since I negotiated a settlement amount of $300,000 for the three Plaintiffs. Plaintiffs rejected the settlement amount of $300,000 and Jeff Sexton notified me that he represented them. It would be disingenuous for them to now make that claim.

.

## CONCLUSION

There was no legal basis for Jeff Sexton to object to the Motion to Enforce the Lien. According to the principle of quantum meruit, I am entitled to compensation for work performed on the case while I represented the three Plaintiffs. I have previously submitted the hours spent on the case and the fee amount for the time spent working on the case. At the very least, I would petition this Court to compel the adult Plaintiffs to testify as to when and if they dismissed me from representing them, "for cause". There is no legitimate argument to deny my fee based off the principle of quantum meruit. Mr. Sexton and Mr. Byrnes cannot argue they did more work than I did on this case, when they advised the Plaintiffs to accept less money than they were initially offered in October 2020, when I represented them. That is a nonsensical argument not based off reason.

/s/Brandon J. Lawrence
Brandon J. Lawrence
101 North Seventh Street
Louisville, KY 40202

502-996-7799 o
502-996-7796 f
help@lawyerforthecity.org

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was mailed this 5th day of May 2025, via e-mail:

Jeffrey Sexton
325 West Main Street
Suite 150
Louisville, KY 40202
jsexton@jeffsexton.com
*Counsel for Plaintiffs*

    /s/Brandon J. Lawrence
    Hon. Brandon J. Lawrence