# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CIVIL ACTION NO. 3:20-CV-00764-BJB

**CHELSEY NAPPER, et al.**                                                                                        **PLAINTIFFS**

**VS.**

**DETECTIVE BRETT HANKINSON, et al.**                                      **DEFENDANTS**

## ORDER

On June 4, 2020, Plaintiffs Chelsey Napper, et al., filed this civil rights action against Defendants Detective Brett Hankinson, et al., in Jefferson Circuit Court. (*See* DN 1-2). At that time, Plaintiffs were represented by Attorney Brandon J. Lawrence. On November 13, 2021, at Defendants' request, the case was removed from Jefferson Circuit Court and filed in the Western District of Kentucky. (DN 1; DN 3). On that same day, Attorneys Jeffrey A. Sexton and John W. Byrnes filed a Motion to Substitute Counsel for Plaintiffs (DN 7), which the Court later granted (DN 44).

On February 1, 2021, Plaintiffs' former attorney, Mr. Lawrence, asserted an attorney's lien under KRS § 376.460 for his work performed from April to October of 2020. (DN 49). Mr. Lawrence indicates he was aware of settlement negotiations and attempts to assert a claim on any settlement proceeds. (*Id.*). As proof of their fee agreement, Mr. Lawrence submits a photograph of a cell phone text message, where Plaintiff Napper appears to ask what Mr. Lawrence's percentage is, to which he responded: "40%". (DN 49-1).

Plaintiffs objected to Mr. Lawrence's lien, arguing that it is facially invalid. (DN 51). Plaintiffs assert that Mr. Lawrence's lien does not comply with the contingency fee requirements in Kentucky Supreme Court Rule 3.130(1.5) and that they never agreed to a forty percent fee.

1

Because none of the Plaintiffs individually signed a written contingency fee agreement with Mr. Lawrence, they argue his attorney's fee lien should be stricken.

Under Kentucky law, a purported lienholder must strictly comply with the statutory provisions permitting him to file a lien against another party. *See Laferty v. Wickes Lumbar Co.*, 708 S.W.2d 107 (Ky. Ct. App. 1986). Failure to comply with the procedures for establishing a lien generally will render it invalid. *Id.* at 108. KRS § 376.460 allows a discharged attorney to recover his fees based on either the amount agreed to or a reasonable fee "[i]f the action is prosecuted to a recovery of money or property[.]" Kentucky law further permits a fee to be contingent on the outcome of the case for which services are rendered so long as the contingency agreement is "in a writing signed by the client and . . . states the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal[.]" Ky. S.C.R. 3.130(1.5)(c). But where an attorney employed under a contingency-fee contract is discharged without cause before completion of the contract, "he or she is entitled to fee recovery on a *quantum meruit* basis only, and not on the terms of the contract." *Hughes & Coleman, PLLC v. Chambers*, 526 S.W.3d 70, 74 (Ky. 2017) (quoting *Baker v. Shapero*, 203 S.W.3d 697, 699 (Ky. 2006)). An attorney discharged "for cause" forfeits any claim to a fee under a contingency fee agreement. *Id.* at 75; *see also Lofton v. Fairmont Specialty Ins. Mgrs., Inc.*, 367 S.W.3d 593, 595 (Ky. 2012).

Mr. Lawrence's notice of attorney's fee lien, as currently submitted, is inadequate. First, Mr. Lawrence does not provide a copy of any written contingency-fee agreement signed by the Plaintiffs. Mr. Lawrence's submission of a photograph of a text message between he and Plaintiff Napper discussing his general contingency fee rate does not establish the existence of a valid contingency agreement under SCR 3.130(1.5)(c).

2

Moreover, whether a discharged attorney can recover a reasonable fee under a contingency fee agreement turns on the circumstances that led to the dissolution of the attorney-client relationship. Mr. Lawrence's lien notice provides no information regarding why or how his representation of Plaintiffs ended. The record merely reflects that Attorneys Jeffrey A. Sexton and John W. Byrnes were substituted for Mr. Lawrence when the matter was removed to federal court. Without any further information, the Court cannot determine whether Mr. Lawrence's lien, in fact, states a valid claim for fees. Yet, even if Mr. Lawrence had provided proof of a valid contingency fee agreement and details regarding his withdrawal from the matter in October of 2020, his request for attorney's fees will not be ripe until a settlement is reached or a judgment is rendered. *See* KRS § 376.460.

**IT IS THEREFORE ORDERED** that Plaintiffs' Objections (DN 51) are **SUSTAINED**, and Mr. Lawrence's Notice of Attorney's Fees Lien (DN 49) is **STRICKEN from the record**. Nothing in this Order prevents Mr. Lawrence from refiling a notice of attorney's fee lien that complies with the principles outlined above that would become actionable upon resolution of this matter.

Regina S. Edwards, Magistrate Judge
United States District Court

March 10, 2021

Copies: Counsel of Record